UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00475-JLS-AS                                                         Date: February 13, 2026
Title:  Ekaterina Gorelova v. Warden or Facility Administrator of Adelanto Detention Facility et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 2)**

Before the Court is a Motion for Temporary Restraining Order filed by *pro se* Petitioner Ekaterina Gorelova.  (Mot., Doc. 2.)  Respondents Warden or Facility Administrator of Adelanto Detention Facility, Ernesto Santacruz, Todd M. Lyons, Kristi Noem, and Pamela Bondi opposed.  (Opp., Doc. 6.)  For the following reasons, the Court DENIES Petitioner's Motion.

**I.      BACKGROUND**

Gorelova is a citizen of Russia who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.  (Mot. at 5.)  Gorelova entered the United States in February 2024.  (Ex. D to Petition, Doc. 1.)  On June 4, 2025, ICE detained Gorelova following a hearing she attended for her asylum application.  (Ex. C to Petition.)

While in custody, Gorelova was afforded a bond hearing before an immigration judge.  (Mot. at 5.)  The immigration judge denied Gorelova's request for release from custody on December 9, 2025, finding that she is a flight risk.  (Ex. A to Opp., Doc. 6-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00475-JLS-AS                               Date: February 13, 2026
Title:  Ekaterina Gorelova v. Warden or Facility Administrator of Adelanto Detention Facility et al

Gorelova filed an appeal of the immigration judge's decision with the Board of Immigration Appeals ("BIA") on January 6, 2026, contending that the immigration judge improperly weighed the evidence presented at the bond hearing.  (Ex. F to Petition.)  Additionally, a hearing in Gorelova's removal proceedings is scheduled for February 27, 2026.  (Ex. B to Opp.)

On February 3, 2026, Gorelova filed a Petition for the writ of habeas corpus and the instant Motion.  (Petition; Mot.)  Gorelova contends that her detention in excess of six months "without any meaningful bond hearing" violates the Due Process Clause, and requests an order requiring her immediate release or, alternatively, an order requiring a constitutionally adequate bond hearing.  (Mot. at 8, 13.)

## II.    LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00475-JLS-AS                                         Date: February 13, 2026
Title:  Ekaterina Gorelova v. Warden or Facility Administrator of Adelanto Detention Facility et al

that [a TRO] is in the public interest." *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.   ANALYSIS

Gorelova has not shown serious questions going to the merits of her due process claim.  Under the *Mathews v. Eldridge* framework, courts analyzing a procedural due process claim consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. 319, 335 (1976); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (applying the *Mathews* factors to evaluate a noncitizen's due process challenge to his detention).[1]

---

[1] To the extent Gorelova argues that her detention of more than six months is unlawful under *Zadvydas v. Davis*, she has also failed to establish serious questions going to the merits of such a claim.  533 U.S. 678 (2001).  Gorelova has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *id.* at 701;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00475-JLS-AS                                              Date: February 13, 2026
Title:  Ekaterina Gorelova v. Warden or Facility Administrator of Adelanto Detention Facility et al

      Although Gorelova undoubtedly has a strong liberty interest affected by her ongoing detention, Gorelova has not shown that the procedures used are insufficient to safeguard that interest.  Importantly, the government has provided evidence that Gorelova received a bond hearing in front of an immigration judge, where both Gorelova and the government submitted evidence.  Moreover, while Gorelova contends that the evidence submitted by Respondents at the bond hearing was "inconsistent with other evidence in the record," she has already filed an appeal with the BIA, lodging the same complaints. (Mot. at 5; *see* Ex. F to Petition.)  Thus, Gorelova has already been able to challenge her detention in one forum, and will be able to re-raise the challenge in another forum, lowering the risk of erroneous deprivation of her liberty interest.  *See Rodriguez Diaz*, 53 F.4th at 1210 (holding that "numerous levels of review," including a BIA appeal, each offered Rodriguez Diaz the opportunity to be heard).

      Further, the government has an interest in Gorelova's continued detention: the immigration judge determined that Gorelova is a flight risk, and her removal proceedings are ongoing.  *See id.* at 1208 ("Through detention, the government . . . seeks to increase the chance that, if ordered removed, the aliens will be successfully removed.") (citation modified).  On balance, with the evidence provided, the *Mathews* factors weigh against Gorelova.

      Gorelova has not shown serious questions going to the merits of her claim that she has been deprived of due process.  Accordingly, a TRO may not issue.

---

indeed, Respondents have provided evidence that her removal proceedings are ongoing, and that Gorelova is scheduled for a merits hearing before an immigration judge later this month.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00475-JLS-AS                                             Date: February 13, 2026
Title:  Ekaterina Gorelova v. Warden or Facility Administrator of Adelanto Detention Facility et al

**IV.     CONCLUSION**

For the above reasons, Petitioner's Motion is DENIED.  Further proceedings on the merits of the Petition are referred to the assigned magistrate judge.

Initials of Deputy Clerk: kd